# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHEIKESS D. LOVE EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-3386 |
| | ) | |
| THE CITY OF CHICAGO, ET AL., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant City of Chicago's motion to dismiss [11] and Plaintiff's motion for a Rule 57 declaratory judgment [29]. For the reasons set forth below, the Court dismisses Plaintiff's federal claim for false arrest, directs the Clerk of the Court to remand this case to the Circuit Court of Cook County, and denies Plaintiff's motion for a Rule 57 declaratory judgment [29].

**I.   Background[1]**

    **A.   Procedural History**

On March 30, 2012, Plaintiff Sheikess D. Love EL filed a complaint in the Circuit Court of Cook County, Illinois, against the City of Chicago, Nicholas Jovanovich, Robert Kelley, and Sergeant Clinton Star, alleging false arrest pursuant to §1983 (Count I); false arrest under Illinois state law (Count II); and malicious prosecution under Illinois state law (Count III). The summons and complaint were served on the City of Chicago's Office of the City Clerk on April 20, 2012. Plaintiff has not served the individual officer defendants. On May 3, 2012, Defendant

---

[1] For purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

City of Chicago removed the case from the Circuit Court of Cook County to this Court. Defendants allege that the claims raised in Plaintiff's claims are identical to those raised (and eventually dismissed) in a prior case before this Court: *The Moorish National Republic, et al. v. City of Chicago, et al.*, Case No. 10-cv-1047, which was filed on February 16, 2010. Having familiarity with the prior case and also having reviewed the current complaint next to the complaint from the 2010 case, the Court agrees that the facts supporting Plaintiff's claims in this case are identical to the facts alleged by Ms. Love EL in the 2010 case.

On July 19, 2011, the Court previously dismissed Plaintiff's claims asserted in the 2010 complaint because Plaintiff, acting *pro se*, failed to sign any of her pleadings.[2] Prior to dismissal, the Court repeatedly admonished Ms. Love EL that her co-plaintiff, also a non-attorney, could represent himself (and he did), but that he could not represent the entities or Ms. Love EL. See *Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir. 1976); see also *Lindstrom v. State of Illinois*, 632 F. Supp. 1535 (N.D. Ill. 1986) (finding that non-lawyer was not permitted to represent his wife). Despite these admonitions, Ms. Love EL refused to sign any of the pleadings or secure proper counsel, and the Court dismissed her claims without prejudice. In dismissing Ms. Love EL's claims without prejudice, the Court noted that it was not ruling on the merits and gave Ms. Love EL thirty days to comply with the applicable rules and amend her complaint. The Court also noted that, in the event that it had been able to consider her federal claims at that time, as currently pled those claims appeared to suffer from the same defect as her co-plaintiff's—namely, that the officers had probable cause for her arrest. Plaintiff did not seek to amend her complaint within the thirty-day period granted by the Court.

---

[2] Rule 11 states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—*or by a party personally if the party is unrepresented*." Fed. R. Civ. Pro. 11(a) (emphasis added).

**B.     Facts**

Accepting as true the allegations in the current complaint, Plaintiff was stopped by Officer Nicholas Jovanovich on November 30, 2009. Officer Jovanovich requested Plaintiff's license and inquired about the absence of state-issued license plates. In response, Plaintiff cracked her window "slightly" to pass the officer her "papers." He then insisted that she open the door, but she refused, prompting the officer to radio for backup. Approximately five minutes later, several additional officers arrived on the scene, and Officer Robert Kelley approached the car. Plaintiff told the officer that she is "not a 14th/15th Amendment citizen" and that she was "traveling under the status of Free National citizen—as a Moorish-Skeikess" and she demanded that they provide probable cause for the traffic stop. According to Plaintiff's complaint, "[t]he defendant response was that he deemed the absence of state issue license plate as probable cause for the stop and further cited what the state of Illinois requires of drivers (license, registration, and insurance)." *Id*. at ¶ 24. According to the complaint, rather than producing the requested information or open the door, Plaintiff cited "case law" including "*Chicago Motor Coach v. City of Chicago*." At this point, the officer hit and shattered the glass and attempted to pull her from the vehicle, but she slid to the passenger side. Officer Kelley then threatened to shoot her with a taser gun if she did not exit the vehicle and a second female officer threatened to use mace if she did not voluntarily leave the vehicle. When Plaintiff finally was removed from the vehicle, her clothing was partially torn and her religious headdress was thrown to the ground. She was handcuffed and transported to a police station. While at the station, she was searched by two uniformed female officers. She was asked if she required medical attention, and she stated that she did not. She was processed and released at 6 a.m.

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Although "[s]pecific facts are not necessary [–] the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original) – "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of

notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

The Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). Moreover, in reviewing a *pro se* complaint, the Court employs standards less stringent than if the complaint had been drafted by counsel. *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995).

## III. Analysis

### A. Federal False Arrest Claim

Defendant City of Chicago contends that Plaintiff's federal false arrest claim is time-barred. The Seventh Circuit recently has been very clear in its assessment of the limitations periods: "[O]n the subject of the statute of limitations * * * * [w]hat a complaint must plead is enough to show that the claim for relief is plausible. Complaints need not anticipate defenses and attempt to defeat them. The period of limitations is an affirmative defense * * * * We have held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1)." *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012) (internal citations omitted); see also *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623 (7th Cir. 2003); *United States v. Northern Trust Co.*, 372 F.3d 886 (7th Cir. 2004); *Xechem, Inc. v. Bristol—Myers Squibb Co.*, 372 F.3d 899 (7th Cir. 2004). In *Mitcheff*, the

Court concluded by reminding judges to "respect the norm that complaints need not anticipate or meet potential affirmative defenses."

Despite these admonitions, the Seventh Circuit also has consistently reaffirmed that a plaintiff may plead himself out of court by alleging facts that are sufficient to establish a statute-of-limitations defense. See *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal is appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *Andonissamy v. Hewlett–Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (stating that "[a] statute of limitations defense, while not normally part of a motion under Rule 12(b)(6), is appropriate where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (internal quotations omitted); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.2d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense"); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."); see also *Baldwin v. Metro. Water Reclamation Dist. Of Greater Chicago*, 2012 WL 5278614, at *1 ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings * * * .") (quoting *Mitcheff*, 696 F.3d at 637). Indeed, in the present case, Plaintiff has pled all of the necessary facts to resolve this issue. Where a plaintiff has pled facts which arguably establish an affirmative defense and both sides have briefed the issue, practical considerations—such as discovery costs, attorneys' fees, and judicial efficiency—provide courts with ample reasons to resolve a dispositive point of law early

in a case, whether the parties have briefed the question as a 12(b)(6) or a 12(c) issue. In either case, a court's decision rests on the pleadings and whether a plaintiff has affirmatively pled himself out of court.

The length of the limitations period for a § 1983 action is determined by reference to state law personal injury torts. *Owens v. Okure*, 488 U.S. 235, 240-41, 249-50 (1989) (quoting and clarifying *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In Illinois, the pertinent limitations provision requires a would-be plaintiff to bring suit within two years of a cause of action's accrual. 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). The limitations clock on an action brought pursuant to § 1983 for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato* 549 U.S. 384, 397 (2007). For Plaintiff, that means that the limitations period began to run on or about November 30, 2009. See *id.* ("a false imprisonment ends once the victim becomes held pursuant to [legal process] – when, for example, he is * * * arraigned on charges").

Plaintiff filed this most recent complaint on March 30, 2012, more than two years after the alleged incident and after the expiration of the two-year statute of limitations. At the time that the Plaintiff's 2010 timely-filed case was dismissed without prejudice, the Court gave Plaintiff the opportunity to amend after repeatedly warning her that another *pro se* litigant could not appear on her behalf and that she needed to sign her pleadings or secure licensed counsel in order to proceed with her claims. The Court explicitly told Plaintiff:

> The Court does not decide the merits of any claims asserted by Plaintiff Sheikess Diana EL at this time; she is given thirty days from the date of this order to file a motion for leave to amend the complaint if she believes that she can cure the defects identified by the Court. In addition to signing her pleadings (or submitting them through licensed counsel), Plaintiff Sheikess Diana EL must demonstrate that her proposed amendment would not be futile in view of the Court's analysis of Plaintiff Sheik L. Love EL's claims and the existence of probable cause with respect to those claims.

7

*The Moorish National Republic, et al. v. City of Chicago, et al.*, Case No. 10-cv-1047, 7/19/11 Opinion and Order at 21. At the time of the Court's opinion and order—July 19, 2011—the Court gave Plaintiff thirty days to cure the deficiencies notes and she also had almost four months to re-file her case and comply with the Federal Rules of Civil Procedure, but she failed to do so before the statute of limitations ran on or near December 1, 2011. Accordingly, Plaintiff's false arrest claim is time-barred.

> B.     State Law Claims

Because the Court grants Defendants' motion to dismiss as to Plaintiff's federal claim (Counts I) over which it has original jurisdiction, it must now address whether to retain jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). In addition to the federal claims, Plaintiff has asserted state law claims for false arrest and malicious prosecution.

The Seventh Circuit, animated by the principle of comity, consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.*,6 F.3d 1176, 1182 (7th Cir. 1993); see also *Wright v. Associated Ins. Co.*, Inc., 29 F.3d 1244, 1251 (7th Cir. 1994) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction * * *"); see also *Horton v. Schultz*, 2010 WL 1541265, at *4 (N.D. Ill. 2010). Finding no justification for departing from that "usual practice" in this case,[3] the Court directs the Clerk of the Court to remand Plaintiff's state law claims to the

---

[3] In *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point to a federal

Circuit Court of Cook County, the court in which they were originally brought. See *In re Repository Technologies, Inc.*, 601 F.3d 710, 724-25 (7th Cir. 2010); *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts.").

### C. Plaintiff's Motion for Rule 57 Declaratory Judgment

Also before the Court is Plaintiff's motion for a Rule 57 declaratory judgment [29]. The Court has reviewed the motion and concluded that it is without merit. The Court has considered, and denied, this exact motion in Case No. 10–cv–1047, so Plaintiff is well aware that these motions have no legal footing. The Court denies Plaintiff's motion for a Rule 57 declaratory judgment [29].

---

decision of the state-law claims on the merits." The first example that the Court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Id.* at 1251. That concern is not present here, however, because the Court is not dismissing Plaintiff's state law claims but rather is remanding them back to the court in which they were originally filed. Additionally, remand also is appropriate here because substantial judicial resources have not been committed to the state law counts of Plaintiff's complaint. *Wright*, 29 F.3d at 1251.

## IV. Conclusion

For the reasons set forth above, the Court grants in part Defendants' motion to dismiss [11] and dismisses Plaintiff's federal false arrest claim. With federal subject matter jurisdiction lacking, 28 U.S.C. § 1447(c) requires remand. Accordingly, the Court directs the Clerk of the Court to remand Plaintiff's state law claims for false arrest and malicious prosecution to the Circuit Court of Cook County, where Plaintiff originally filed this case. The Court denies Plaintiff's motion for a Rule 57 declaratory judgment [29].

Dated: July 25, 2013

_____
Robert M. Dow, Jr.
United States District Judge